1  Peter R. Afrasiabi (Bar No. 193336)
   Email: pafrasiabi@onellp.com
2  Christopher W. Arledge (Bar No. 200767)
   Email: carledge@onellp.com
3  John Tehranian (Bar No. 211616)
   Email: jtehranian@onellp.com
4  **ONE LLP**
   4000 MacArthur Blvd.
5  East Tower, Suite 500
   Newport Beach, CA 92660
6  Telephone:  (949) 502-2870
   Facsimile:   (949) 258-5081
7
   Joanna Ardalan (Bar No. 285384)
8  Email: jardalan@onellp.com
   **ONE LLP**
9  9301 Wilshire Blvd.
   Penthouse Suite
10 Beverly Hills, CA 90210
   Telephone:  (310) 437-8665
11 Facsimile:   (310) 943-2085

12 Attorneys for Plaintiff,
   Mavrix Photographs LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAVRIX PHOTOGRAPHS LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>BOYCULTURE.COM, entity form unknown; BOY CULTURE LLC, a New York limited liability company; MATTHEW RETTENMUND, an individual; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>**(1) COPYRIGHT INFRINGEMENT, AND**<br>**(2) REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Mavrix Photographs LLC ("Mavrix" or "Plaintiff"), by and through its attorneys of record, complains against boyculture.com, Boy Culture LLC, Matthew Rettenmund and DOES 1-10 (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

2. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Plaintiff Mavrix is a limited liability company existing under the laws of California, with its principal place of business in Los Angeles County, California

4. Plaintiff is informed and believes and, upon such, alleges that Defendant Boy Culture LLC ("Boy Culture") is a New York limited liability company with its principal place of business in New York, New York.

5. Plaintiff is informed and believes and, upon such, alleges that Defendant Matthew Rettenmund ("Rettenmund") is an individual residing in New York, New York.

6. Plaintiff is informed and believes and, upon such, alleges that Defendant boyculture.com is owned and operated by Defendant Boy Culture, through Defendant Rettenmund.

7. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the

1  Defendants designated herein as a "DOE" is legally responsible in some manner for the
2  events and happenings herein alleged, and that Plaintiff's damages as alleged herein were
3  proximately caused by such Defendants.

## STATEMENT OF FACTS

### *The Photos Forming the Subject Matter of This Dispute*

8. Mavrix Photo, Inc. (MPI) is a prominent celebrity photography agency that licenses its photographs on an exclusive and non-exclusive basis to a multitude of top-tier media outlets, including, the world's leading newspapers, television programs and magazines, like People or US Weekly.

9. MPI has assigned to Mavrix all rights (including the copyright) to six certain images of Joe Simpson, father of famed singer-actress Jessica Simpson, and a man who is a celebrity in his own right.

10. MPI filed for copyright registration of the six Joe Simpson photographs within 90 days of their authorship and first publication and said photographs were registered under registration number VA 1-913-278.

11. One of the six photographs shows Joe Simpson photographing male model Jonathan Keith on a beach (hereafter the "Photo").

### *The Defendants and the Marketplace*

12. On information and belief, Defendants operate the website known as www.boyculture.com, a blog/website focusing on gay celebrity content and photographs that has existed since late 2005.

13. On information and belief, Defendants' website is edited and curated by Defendant Rettenmund, An author and sophisticated founding Editor in Chief of Popstar! Magazine, whose works include the 1990's novel *Boy Culture* (later adapted into a film), and non-fiction titles such as *Encyclopedia Madonnica*, *Totally Awesome '80's*, and *Hilary Duff: All Access*. More recently, he released his title *Encyclopedia Madonnica 20,* which, according to a press release, is a "582-page 'Madonna bible'" that chronicles "Madonna's life and career in witty, exhaustively informative alphabetical entries."

14. Defendants have, on information and belief, violated federal law by infringing Mavrix copyrights to at least 1 photograph and by removing copyright management information from said photograph before the infringement occurred.

15. Specifically, in or around February 18, 2014, Defendants unlawfully reproduced, distributed and publicly displayed the Photo on their website without permission, consent, or license for their celebrity-centric story titled "Daddy (Simpson)/boy." A true and correct copy of Defendant's webpage and article is attached hereto as Exhibit A. This Photo was taken from a legitimate MPI licensee's website where the Photo contained copyright management information on the Photo—specifically "©MAVRIXONLINE.COM"—and that copyright management information was then deleted by Defendants before publicly displaying the reproduced and altered original. Specifically, Defendants in their infringing post (evidenced in Exh. A) even link to the original Photo and article by the MPI licensee (the red hyperlinked language "was spotted at the beach"), which true and correct copy of the linked article reached when one clicks on Exhibit A's red hyperlink is attached as Exhibit B hereto. As is evident, Exhibit B has several photos all that claim ownership and copyright to Mavrix by use of the "© Mavrixonline.com" language and it is one of the Exhibit B photos with the "© Mavrixonline.com" that Defendants took and reproduced (as seen in Exhibit A) entirely but for the reference to "© Mavrixonline.com" that Defendants deleted.

16. Defendants' reproduction, distribution, unlawful modification, and public display of the Photo, and derivatives thereof, continues unabated to this very day.

17. Defendants drive massive traffic to boyculture.com in large part due to the presence of the sought-after and searched-for celebrity images and content of the kind that frame this dispute. On information and belief, Defendants do not license any content form legitimate rightsholders and instead take content as described herein. All of this web traffic translates into significant ill-gotten commercial advantage and revenue generation for Defendants as a direct consequence of their infringing actions.

# FIRST CLAIM FOR RELIEF

## (Copyright Infringement, 17 U.S.C. § 501)

18.  Plaintiff Mavrix incorporates here by reference the allegations in paragraphs 1 through 17 above.

19.  Mavrix is the rightsholder to the copyrights of the Photo, which substantially consists of material wholly original with Plaintiff and which constitutes copyright subject matter under the laws of the United States. Mavrix has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Photo has been timely subject to a copyright registration application with the United States Copyright Office.

20.  Defendants have directly, vicariously and/or contributorily and inducingly infringed, and unless enjoined, will continue to infringe Mavrix's copyrights by reproducing, displaying, distributing and utilizing the Photos for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

21.  Defendants have willfully infringed, and unless enjoined, will continue to infringe Mavrix's copyrights by knowingly reproducing, displaying, distributing and utilizing the Photo for purposes of trade.

22.  On information and belief, Defendants' acts of infringement are willful because, inter alia, the Defendants (1) are sophisticated online and print publishers with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation; and (2) knew that the photograph belonged to "Mavrix" (and not to them and certainly to a third party) because the site Defendants stole the photo from was a Mavrix licensee site and the photo contained Mavirx's name, which the Defendants eliminated when they stole, reproduced and then published the modified photo on their site, which photo then was intentionally modified to delete reference to "Mavrix."

23.  On information and belief, Defendants, despite such knowledge, willfully reproduced, publicly distributed and publicly displayed the Photo on boyculture.com.

24. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of the Photos for purposes of trade, including by increasing the traffic to Defendants' website and, thus, increasing the advertising fees realized.

25. The actions of Defendants were and are continuing to be performed without the permission, license or consent of Mavrix.

26. The wrongful acts of Defendants have caused, and are causing, great injury to Plaintiff, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Mavrix will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Plaintiff seeks a declaration that Defendants are infringing Mavrix's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrights.

27. As a result of the acts of Defendants alleged herein, Mavrix has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

28. Because of the willful nature of the copyright infringement, Plaintiff is entitled to an award of statutory damages of up to $150,000 per work infringed.

29. Plaintiff has identified at least 1 work infringed by Defendants, entailing 1 total unlawful infringement of Plaintiff's exclusive rights under the Copyright Act, which occurred by way of reproduction, public distribution and public display of the Photos on theblemish.com.

30. Alternatively, at its discretion, Mavrix is entitled to actual damages in an amount to be proven at trial for the infringement of all works at issue.

31. Plaintiff is also entitled to its attorney's fees in prosecuting this action.

/ / /

/ / /

/ / /

## SECOND CLAIM FOR RELIEF

## (Removal of Copyright Management Information,

## 17 U.S.C. § 1202(b) *et seq.*, against Defendants)

32. Mavrix realleges and incorporates here by reference the allegations in paragraphs 1 through 31 above.

33. The name of, and other identifying information about, the author of a work and the copyright owner of the work constitutes "copyright management information" as defined under 17 U.S.C. § 1202(c)(2) & (3).

34. As illustrated by comparison of Exhibits A and B and detailed *supra*, in conjunction with their public display of and offer of license to the Photo, Defendants have removed the by-credit and watermark ("©MAVRIXONLINE.COM") from the Photo. They have done so despite full knowledge that both the authorship and copyright ownership credits (*i.e.*, their copyright management information") solely belong with Mavrix.

35. As such, Plaintiff is informed and believes and on that basis alleges that Defendants, without the knowledge of Plaintiff or the law, and with the intent to induce, enable, facilitate and/or conceal infringement of Plaintiff's copyright or, having reasonable grounds to know that it would induce, enable, facilitate and/or conceal infringement of Plaintiff's copyright, intentionally removed or altered and/or caused or induced others to remove or alter copyright management information from Plaintiff's Photo, and/or distributed or imported Plaintiff's Photo and/or caused or induced others to distribute or import Plaintiff's Photo with knowledge of the removal or alteration of Plaintiff's copyright management information, and/or distributed or imported for distribution Plaintiff's Photo with knowledge of the removal or alteration of copyright management information in violation of 17 U.S.C. § 1202(b)(1)-(3).

36. Defendants' removal and/or alteration of copyright management information for the Photo and subsequent distribution of the Photo was willful and intentional, and was and is executed with full knowledge of Plaintiff's rights under copyright law, and in disregard of Plaintiff's rights.

37. Plaintiff is entitled to recover its actual damages suffered as a result of the violation and any profits of Defendants attributable to the violation and not taken into account in computing actual damages, or, at Plaintiff's election, statutory damages, pursuant to 17 U.S.C. § 1203(c), of up to $25,000 per act of removal and/or alteration.

38. Plaintiff is entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

39. Defendants' violation of 17 U.S.C. § 1202(b) has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Iconic not fully compensable in monetary damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. The Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photos of Mavrix;

2. The Court enter a seizure order directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Plaintiff's copyrights, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff's copyrights in the Photos as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like;

3. An accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter

devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

  4. Actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and copyright management information removal and alteration to reimburse plaintiff for all damages suffered by it by reasons of Defendants' acts, under 17 U.S.C. §§ 504 (a)(1) & (b) and 1203(c)(2);

  5. Statutory damages for copyright infringement, including willful infringement, and copyright management information removal and alteration in accordance with 17 U.S.C. §§ 504(a)(2) & (c) and § 1203(c)(3));

  6. Reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b)(5);

  7. Costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 17 U.S.C. § 505, and 17 U.S.C. § 1203(b)(4); and

  8. Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Dated: January 25, 2016      **ONE LLP**

              By: /s/ Peter R. Afrasiabi
                 Peter R. Afrasiabi, Esq.
                 Attorneys for Plaintiff,
                 Mavrix Photographs LLC

## DEMAND FOR JURY TRIAL

Plaintiff Mavrix Photographs LLC hereby demands trial by jury of all issues so triable under the law.

Dated: January 25, 2016

**ONE LLP**

By: /s/ Peter R. Afrasiabi
Peter R. Afrasiabi, Esq.
Attorneys for Plaintiff,
Mavrix Photographs LLC